CHARLES E. SEARS ET AL., DEFENDANTS IN ERROR, v. THE MAYOR AND COUNCIL OF ATLANTIC CITY ET AL., PLAINTIFFS IN ERROR.

Argued March 28, 1906—Decided October 12, 1906.

1. An ordinance which requires the paving of a public highway, and provides for the assessment of the cost thereof upon the land and real estate benefited thereby, to the extent of the benefit received, is judicial in its nature.
2. An ordinance, judicial in its nature, which is passed without notice to those property owners who are affected by its provisions, is invalid.

On error to the Supreme Court.

For the plaintiffs in error, *George A. Bourgeois* and *Burrows C. Godfrey.*

For the defendants in error, *Clarence L. Cole.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. A *certiorari* allowed in this case brought into the Supreme Court for review an ordinance of the common council of Atlantic City, requiring that a designated portion of Atlantic avenue be paved with asphalt, or bithulithic, pavement, and directing that the cost of such improvement should be assessed upon the land and real estate benefited thereby, to the extent of the benefit received. It was held by the Supreme Court that the ordinance was invalid, because it was passed without notice to those property owners who were affected by the provision which directed an assessment for benefits to be made. The soundness of that decision depends upon the character of the ordinance under review. If it be judicial, then the failure to give notice was fatal to its validity; if it be legislative, then such failure has no effect upon the validity of the ordinance. This is the settled rule under our decisions.

The true test to be applied in determining whether an ordinance which directs the making of a municipal improvement is ministerial or judicial in its character, seems first to have been pointed out, so far as our decisions are concerned, by Chief Justice Green, speaking for the Supreme Court, in the case of *Camden v. Mulford,* 2 *Dutcher* 49. He there states the principle to be that ordinances which direct the mere repaving or repairing of streets, acts which are imposed upon municipal corporations as matters of duty, are purely ministerial; but that ordinances which require the paving of streets, not as a matter of ordinary repair, but upon specified conditions only, and impose the burden thereof, not upon the city treasury, but upon a specific class of individuals, are in their nature judicial. The application of

the principle led to the overthrow of the ordinance then under review, which imposed upon abutting owners the cost of paving a city street, and which was passed without notice first having been given to them.

Since the decision of the cited case, in 1856, the principle established by it has always been accepted by our courts as furnishing the test for determining the character of an ordinance providing for a municipal improvement. In *Vannalta* v. *Morristown*, 5 *Vroom* 445, the test was applied by the Supreme Court to an ordinance directing the alteration of a grade line of one of the streets of a town, the court declaring that "the distinction is between those ordinances which adopt a general system of policy affecting all the inhabitants of a city or town, or of the property situate in the corporate limits, directing the execution of mere public duties, the burthen of which is borne by all equally, and those which provide for the making of an improvement affecting property in one locality, the cost of which is to be defrayed by certain specified individuals.    *    *    *    With respect to this latter class, the adoption of an ordinance directing the improvement to be made is a judicial act affecting those individuals, and they are entitled to be heard before the ordinance is passed which adjudges the necessity or expediency of the proposed improvement and directs it to be made." In the cases of *Boice* v. *Plainfield*, 9 *Vroom* 95; *Stretch* v. *Hoboken*, 18 *Id.* 268; *West Jersey Traction Co.* v. *Board of Works*, 27 *Id.* 431, and *Landis* v. *Vineland*, 31 *Id.* 264, the Supreme Court reiterated the principle promulgated in Camden *v.* Mulford, and made the test furnished by it the basis of its decision. In the case of *West Jersey Traction Co.* v. *Board of Works, supra*, Justice Reed thus states the distinction between municipal acts which are ministerial and those which are judicial in their character: "A legislative (ministerial) act is one which prescribes a general rule of conduct, while a judicial act is one which imposes burdens, or confers privileges, in specific cases, according to the discretionary judgment of some person or board as to the propriety of imposing the burden, or granting the privi-

lege, in the specific case." The judgment rendered in the
Supreme Court in this case was afterwards affirmed, and its
opinion adopted as the opinion of this court *sub nom. Cam-
den Horse Railroad Co.* v. *West Jersey Traction Co.,* 28 *Id.*
710.

In the case of *Moore* v. *Haddonfield,* 33 *Vroom* 386, this
court had under consideration the validity of a municipal
ordinance which fixed the location of the tracks of the West
Jersey Traction Company in certain of the borough streets.
Justice Garrison, who delivered the opinion of the court,
after pointing out that the matter to be inquired of was
whether the municipal action was legislative or judicial in
its character, declared that an examination of our decisions
would show that where personal property, or personal rights,
are clearly involved, the rule is plain, and that in case the
municipal action then under scrutiny imposed an additional
burden upon the land of abutting owners it was judicial in
its character. He then proceeds to point out that the ordi-
nance affects only public rights, and imposes no burden upon
abutting landowners, and for this reason declares the ordi-
nance valid.

The rule established by this line of cases is so firmly im-
bedded in our jurisprudence as to be no longer debatable.
The only question is its applicability to the given case. The
ordinance now under review imposes upon abutting property
the cost of paving Atlantic avenue, to the extent to which the
improvement benefits that property, and it is argued that
this fact differentiates the present case from those which have
been cited, for the reason that the ordinance places no burden
upon abutting property, because it furnishes to the owner an
equivalent, in the benefit conferred, for the imposition which
is placed upon it. But this contention overlooks the basis
upon which the rule rests. Where the abutting owners were
compelled to bear the whole expense of the improvement, they
received, always, a partial, and sometimes a full, equivalent
for the burden imposed—a partial equivalent where the
benefit was less than the amount assessed against the prop-
erty, a full equivalent where the assessment was no greater

than the benefit received.   But no distinction has been made in the decisions between cases of the one kind and the other. The question whether the benefit received was less than the burden imposed never has been considered as having any bearing in determining whether the ordinance which required the making of the improvement was legislative or judicial in its character.   On the contrary, the fact that it imposes a burden upon the abutting land has been the only test, without regard to whether the benefit conferred was, or was not, an equivalent for the burden imposed.   The test furnished by the rule must be accepted as an inherent part of the rule itself.   Its application renders the ordinance under consideration invalid.

The judgment of the Supreme Court must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, PITNEY, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL.   13.

*For reversal*—None.